UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOLLIS JAY SIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER TERRY BAILEY, et al.,<br><br>Defendants. | Case No. 10-cv-2072-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

This matter comes before the Court on defendants' motion for summary judgment in a 42 U.S.C. § 1983 civil rights action. Dkt. 21. Despite having been advised of the non-moving party's obligations regarding summary judgment motions as set forth in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), plaintiff has filed no response. The Court, having considered the motion for summary judgment and the balance of the record, recommends that defendants' motion, Dkt. 21, be GRANTED and this case be dismissed with prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

## II. JURISDICTION

This Court has federal question jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1331. Because the claims arose in King County, Washington, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## III. BACKGROUND

A. <u>Factual History</u>

Late in the evening of August 9, 2009, plaintiff was arrested by the West Precinct's Anti-Crime Team for selling fake crack cocaine to an undercover police officer in downtown Seattle. Dkt. 23 at 1-2. The undisputed facts are that Seattle Police Department Officers John P. Kallis, Jason Diamond, and Terry C. Bailey participated in a "buy bust" narcotics operation. Dkt. 24 at Ex. E. Officer Kallis operated as the "undercover buyer" by "purchas[ing the] suspected controlled substance" from Mr. Simmons. *Id.* Officer Diamond served as a "trailing officer," and observed the transaction as it occurred between plaintiff and Officer Kallis." *Id.* After Officer Kallis made the "good buy" signal, Officer Diamond communicated the suspected sale along with a description of Mr. Simmons via radio. *Id.*

Officer Bailey relied on Officer Diamond's physical description of the suspect. *Id.* Mr. Simmons was identified as "the only individual in the area and matched the description provided over radio." Dkt. 23 at 1-2. Officer Bailey had physical contact with plaintiff while arresting him, and the "pre-recorded buy-money was found underneath the defendant on the street." Dkt. 23 at 2; Dkt. 24 at 25 (internal quotations omitted).

Subsequent to his arrest, plaintiff was convicted of delivering an uncontrolled substance in lieu of a controlled substance, and his conviction was later affirmed. Dkt. 24, Ex. A. On March 24, 2010, plaintiff filed an unnecessary use-of-force complaint with the Seattle Police

Department's Office of Professional Accountability. Dkt. 24, Ex. B. The Seattle Police Department stated that the complaint was "administratively unfounded." *Id*.

B. <u>Procedural History</u>

On February 1, 2011, plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), filed the instant § 1983 action. Dkt. 5. Defendants filed their answer to plaintiff's complaint with a jury demand on February 16, 2011. Dkt. 8. On March 7, 2011, plaintiff amended his complaint to remove John Doe Joker as the arresting officer who allegedly assaulted plaintiff. Dkt. 9. In response, defendants filed their answer to plaintiff's first amended complaint on March 15, 2011. Dkt. 10.

On March 25, 2011, the Court issued an order to show cause why this action should not be dismissed, without prejudice, for failure to identify any defendant over whom this Court could exercise its jurisdiction. Dkt. 11. Accordingly, plaintiff filed a motion to amend the complaint to name the current defendants. Dkt. 12. The Court issued an order granting plaintiff's Motion for Leave to Amend and directed service of plaintiff's second amended complaint. Dkt. 14.

Plaintiff filed his second amended complaint on June 15, 2011, and defendants answered on June 30, 2011. Dkt. 15; Dkt. 17. According to a pretrial scheduling order dated July 1, 2011, discovery was set to be completed on September 29, 2011 and dispositive motions were to be filed and served on or before October 31, 2011. Dkt 19. Defendants filed a motion for summary judgment with declarations from defendants Randall Jokela, Terry Bailey, and Stephen Larson on October 26, 2011. Dkts. 21-24. Plaintiff failed to respond and on November 18, 2011, defendants filed a reply to their unopposed motion. Dkt. 25.

## III. DISCUSSION

### A. Summary Judgment Standard

Summary judgment "shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is "genuine" if it constitutes evidence with which "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). That genuine issue of fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.*

When applying these standards, the Court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the non-moving party. *See United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1013 (9th Cir. 2006). The moving party can carry its initial burden by producing evidence that negates an essential element of the nonmoving party's claim, or by establishing that the nonmoving party does not have enough evidence of an essential element to satisfy its burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Once this has occurred, the procedural burden shifts to the party opposing summary judgment, who must go beyond the pleadings and affirmatively establish a genuine issue on the merits of the case. Fed. R. Civ. P. 56(e). The nonmovant must do more than simply deny the veracity of everything offered by the moving party or show a mere "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The mere existence of a scintilla of evidence in support of the plaintiff's position is likewise insufficient to create a genuine factual dispute. *Anderson*, 477 U.S. at 252. To avoid

summary judgment, the nonmoving party must, in the words of Rule 56, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmoving party's failure of proof concerning an essential element of its case necessarily "renders all other facts immaterial," creating no genuine issue of fact and thereby entitling the moving party to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

B. <u>Burden of Proof</u>

In his second amended complaint, plaintiff claims excessive force, cruel and unusual punishment, unlawful arrest, assault, and battery. Dkt. 15 at 4-7. In response to defendant's motion for summary judgment, plaintiff has submitted no evidence to support these allegations. Defendants argue that "a failure to oppose a summary judgment motion could be fatal to his case and that the case could be dismissed without trial." *Citing Rand*, 154 F.3d at 962-63. Furthermore, plaintiff's failure to respond violates Local Rule CR 7(d)(3) and 7(b)(2).[1] Specifically, defendants argue that plaintiff's response was due on Monday, November 14, 2011 pursuant to Local Rule CR 7(d)(3). Dkt. 25 at 1. In addition, Local Rule 7(b)(2) articulates that failure to submit an opposition to a motion for summary judgment "may be deemed by the Court to be an admission that the opposition is without merit." Dkt. 25 at 2.

Plaintiff has failed to satisfy his burden of proof as the nonmoving party in this motion for summary judgment. The plain language of Rule 56(c) requires that a party asserting a fact that is "genuinely disputed must support the assertion. . ." Fed. R. Civ. P 56(c). This cannot be done by merely citing to the party's complaint, but by "citing to particular parts of materials in the record." *Id.* Plaintiff has offered no such materials. Specifically, plaintiff did not

---

[1] Local Rule 7(b)(2) notwithstanding, it is inappropriate to grant summary judgment solely on the failure to oppose a motion for summary judgment. *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 950 (9th Cir. 1993). Plaintiff, however, not only failed to oppose the motion for summary judgment, but also failed to offer any evidence in the entire record to support his account of the event at issue.

REPORT AND RECOMMENDATION
PAGE - 5

respond to the defendant's motion for summary judgment. Thus, plaintiff failed to show that there are any genuine issues of material fact in dispute, as required by Fed. R. Civ. P 56(e). *United States v. Johnson Controls, Inc*., 457 F.3d at 1013. Because plaintiff offered no evidence, the Court must rely on what evidence it has been offered in the record by the defendants.

C. Officer Jokela

Plaintiff alleges in the second amended complaint that Officer Jokela "punch[ed] plaintiff in his face with his fist," because he read a name "JOKELA" on the officer's uniform. Dkt. 15 at 4. However, defendants argue that no officer named Jokela was present at the scene of the arrest on August 9, 2009. Dkt. 23 at 3-4. Furthermore, Officer Jokela works during the day, and has "not been involved with the narcotics operation of the West Precinct for several years." Dkt. 22 at 2. Plaintiff has not offered any evidence to the contrary. Because the record shows that this defendant was not at the scene of the alleged events, all claims asserted against Officer Jokela should be dismissed.

D. Officer Bailey

1. *Excessive Force*

The standard for analyzing claims of excessive force was established by the Supreme Court in *Graham v. Connor*, 490 U.S. 386 (1989). *Graham* instructs that such claims are to be evaluated under the Fourth Amendment's reasonableness standard: "The question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id*. at 397 (citation omitted). Furthermore, the Court must allow for the fact that "police officers are often forced

REPORT AND RECOMMENDATION
PAGE - 6

to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Id*.

Plaintiff argues that "force unnecessary against the plaintiff's person" was exerted by "punching plaintiff in his face." Dkt. 15 at 3. However, defendant Bailey avers that he "lost [his] balance while dismounting from [his] mountain bike, and reflexively grabbed onto the back of Mr. Simmons' jacket to prevent [himself] from falling." Dkt. 23 at 2. The officer continues, "This did not work, and both [he] and Mr. Simmons accidentally fell to the ground." *Id.* Defendant Bailey further alleges that neither appeared injured, and plaintiff did not complain that he was. *Id.* Plaintiff made no effort to submit evidence to support his account or to respond to Officer Bailey's account.

There is nothing apart from plaintiff's complaint to support the allegation that defendant Bailey used excessive force. In fact, the record points to the contrary. Specifically, plaintiff's booking photograph shows "no visible sign that he suffered any significant injury to his face." Dkt. 24, Ex. B. Plaintiff's complaint to the Seattle Police Department regarding the event at hand was subsequently declared "administratively unfounded." Dkt. 24, Ex. B. In addition, plaintiff made no effort to submit evidence to support his allegations, rebut this part of the record, nor did he make any effort to respond to defendant's account of the events. Even taking the facts in a light most favorable to the non-moving party, the ample opportunities given to the plaintiff to offer evidence together with the balance of the record before this Court indicate that the force used was not excessive. Thus, plaintiff's excessive force claim should be dismissed.

2.   *Cruel and Unusual Punishment*

A claim for violation of the Eighth Amendment prohibition against cruel and unusual punishment for excessive force used during an arrest is unavailing because "[t]he Eighth Amendment does not apply until after there has been an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  In addition, *Graham* established that claims regarding excessive force by law enforcement officials "in the course of making an arrest" are governed by the Fourth Amendment's "objective reasonableness" standard, rather than under substantive due process.  *Graham*, 490 U.S. at 388.

Plaintiff asserts that he was subjected to cruel and unusual punishment, "in violation of the Eighth and Fourteenth Amendments."  Dkt. 15 at 4.  Specifically, "John Doe Jokela [allegedly] violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment . . . by punching plaintiff in his face."  *Id.* at 5.  In the same section, plaintiff also asserts that "John Doe Jokela violated plaintiff's Fourteenth Amendment right to due process of law, by the use of unnecessary force . . ."  *Id.* at 5.  Thus, neither the Eighth Amendment nor the Fourteenth Amendment are available avenues for relief for plaintiff.

Plaintiff's argument is governed by the Fourth Amendment as set forth above.  However, even if plaintiff had pleaded the Fourth Amendment, the failure to respond and to provide evidence would still require dismissal.  Therefore, plaintiff's cruel and unusual punishment claim should be dismissed.

3.   *Unlawful Arrest*[2]

The United States Supreme Court has made clear that an arrest is constitutionally valid only if it is supported by probable cause.  *See Beck v. Ohio*, 379 U.S. 89, 91 (1964).  Police

---

[2] Plaintiff asserts that this allegedly unlawful arrest violated his Eighth and Fourteenth Amendment rights, when it has well been established that it is the Fourth Amendment that governs unlawful arrest.  *See Awabdy v. City of Adelanto,* 368 F.3d 1062, 1069 (9th Cir. 2004).

REPORT AND RECOMMENDATION
PAGE - 8

have probable cause to make an arrest when "the facts and circumstances within their knowledge and of which they [have] reasonably trustworthy information [are] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Id*. (citations omitted).

Defendants offered evidence which demonstrates that they had probable cause to arrest plaintiff. Specifically, plaintiff was identified as "the only individual in the area and matched the description provided over radio" at the time of the "buy bust" operation. Dkt. 23 at 1-2. While plaintiff asserts that the arrest was unlawfully made, there is no evidence or reason offered as to why the arrest was unlawful. In fact, the circumstances would lead a prudent person to believe that plaintiff was the suspect in the drug operation, the crime for which he was ultimately convicted. Thus, the defendant officers had sufficient probable cause to make the arrest. Plaintiff's unlawful arrest claim should be dismissed.

    4.    *State Law Claims – Assault and Battery*

To the extent plaintiff's second amended complaint asserts claims which can reasonably be construed as asserting violations of state law, the Court declines to address such claims. The Supreme Court has stated that federal courts should refrain from exercising their pendent jurisdiction when the federal claims are dismissed before trial. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Because defendants are entitled to summary judgment with respect to plaintiff's federal constitutional claim, any intended state law claims should be dismissed.

5. *Qualified Immunity*

When a public official correctly raises the affirmative defense of qualified immunity in excessive force cases, he is shielded from civil damages insofar as plaintiff has not established the following:

> "[A] qualified immunity analysis must begin with this threshold question: Based upon the facts taken in the light most favorable to the party asserting the injury, did the officer's conduct violate a constitutional right? If no constitutional right was violated, the court need not inquire further. If, however, a constitutional violation occurred, the second inquiry is whether the officer could nevertheless have reasonably but mistakenly believed that his or her conduct did not violate a clearly established constitutional right."

*Jackson v. City of Bremerton,* 268 F.3d 646, 651 (9th Cir. 2011) (internal citations omitted).

In this case, plaintiff's allegations do not indicate that any of plaintiff's constitutional rights were violated. Thus, the officers are entitled to qualified immunity from suit.

## IV. CONCLUSION

For the reasons discussed above, the Court recommends that the defendants' motion for summary judgment, Dkt. 21, be GRANTED and this case be dismissed with prejudice. Specifically, the record indicates that plaintiff has failed to offer any evidence to support his account of the events and has failed to properly assert his claims of excessive force, cruel and unusual punishment, unlawful arrest, assault, and battery. Furthermore, plaintiff's claims are precluded by the doctrine of qualified immunity. A proposed order accompanies this Report and Recommendation.

DATED this 22nd day of February, 2012.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge